Madge A. Mattinson
vs.                    No. 67147
United Electric Railways Co.

December 8, 1927.

SUMNER, J. Plaintiff brought suit to recover damages alleged to have been caused by the defendant in permitting ice to accumulate on the floor of an electric car so that she stepped upon it while walking in the aisle and was thrown to the floor. The jury returned a verdict for the plaintiff in the sum of $2,250 and defendant has filed its motion for a new trial.

One Warman, a witness for the plaintiff, testified that right after he got on the car at Mathewson Street he observed slush and pieces of ice on the floor and that the ice was in plain view of the conductor standing in the rear vestibule of the car; that after the plaintiff fell there was a long groove on the floor that extended from one piece of ice. Mrs. Warman testified that she observed the floor at Chestnut Street and at that time there were several pieces of ice on it and it was very bad and slushy; that after the plaintiff had fallen she noticed that the ice on the floor had scattered and broken and there was a long skidded mark from the ice.

The plaintiff testified that she did not observe anything on the floor until after the accident; that her foot slipped on something and she went down on her head; that after the accident, sitting on the seat, she looked on the floor, saw five or six patches of ice, and noticed a lump or chunk of ice standing quite high up, upon which she thinks she slipped and which had a mark in it.

Several passengers testified for the defendant that after the accident they looked at the floor and saw no ice on it.

The conductor testified that the car had a cleated floor; that he examined the floor at Pawtuxet, one end of the route, and there was no snow or ice on it; that he again examined the floor at the corner of Washington and Empire Streets, the other end of the route, and found nothing. He also says that he did not sweep the floor or clear it off in any way at either of those places. He did see the plaintiff when she slipped but said there was no accumulation of ice or snow on the floor then.

The motorman testified that although they had a broom on the car, he had never seen it used in the car and that it was only used to sweep out the vestibule.

The plaintiff undoubtedly exaggerated the extent of her injuries in testifying as to her enforced absence from work after she had returned to the shop. She misstated also the number of times that her physician called. However, it seems clear to the Court that the woman slipped on something, very probably ice or slush. Mr. Wood, in charge of the weather bureau, said that at 8 p. m. that night there was two inches of snow and sleet on the ground; that the temperature did not rise above 33° during the day and at half past eleven was between 22° and 23°. Accordingly, the claim of the plaintiff and her witnesses is not improbable, especially in view of the admission by the conductor that the car was not cleaned out at either end of the route. The jury brought in a special finding that the floor of the car was not free from accumulations of snow or slush or ice at the time it left Empire Street. There were about sixty passengers on this trip and it does not appear how many there were aboard on the previous trip.

The plaintiff is an obese woman of

some five feet, four or five inches in height and weighing 199 pounds, and for that reason doubtless could not recover herself as quickly as someone of a more slender build. The plaintiff and one of her witnesses testified with great definiteness as to the particular piece of ice on which she fell, and each one of them said it was apparently frozen into a cleat on the floor. A piece of ice of this size on the floor of a street car may seem extraordinary, but in view of the positive testimony of the plaintiff's witnesses, the Court can not say it is untrue.

After a careful examination of the evidence, the Court is not prepared to say that the verdict of the jury is wrong, although the episode itself is unusual.

Motion for new trial is denied.

For plaintiff: Quinn, Kernan & Quinn.

For defendant: Alonzo R. Williams, Clifford Whipple.